### GILLESPIE v. ISBELL et al.

### No. 11021.

Court of Civil Appeals of Texas. Dallas.

June 18, 1932.

Rehearing Denied July 5, 1932.

. Clark & Clark, Wm. H. Clark, Jr., and John P. Rice, all of Dallas, for appellant.

L. L. Bowman, Jr., of Greenville, and Wallace Hughston, of McKinney, for appellees.

LOONEY, J.

This is a contest over the appointment of an administrator for the estate of Ann H. Gillespie, a resident of Collin county, Tex., who died intestate leaving a personal estate, in said county, valued at $16,000. She left surviving only collateral heirs; that is to say, first cousins of the half blood and second cousins of the whole blood. Mrs. Ola Isbell and J. A. Pearson, first cousins of the half blood claiming shares in the paternal moiety of the estate, and A. C. Gillespie, second cousin of the whole blood, claiming a distributive share in the maternal moiety (each qualified to act), sought letters of administration on said estate as next of kin of the intestate. The court found that each Mrs. Isbell and J. A. Pearson bore the identical blood relationship to the intestate, and that in the order of descent were nearer intestate than A. C. Gillespie; therefore, adjudging that J. A. Pearson was better qualified for the position than Mrs. Isbell, issued letters of administration to him, and denied the petitions of both Mrs. Isbell and A. C. Gillespie; Gillespie appealed.

The sole question presented is, Which is next of kin of an intestate, within the meaning of subdivision 5, art. 3357, R. S., a first cousin of the half blood or a second cousin of the whole blood? The statute reads: "Letters testamentary or of administration shall be granted to persons who are qualified to act, in the following order: 1. * * * 2. * * * 3. * * * 4. * * * 5. To the next of kin of the deceased, the nearest in the order of descent first, and so on. 6. * * * 7. * * *"

The contention is that the next of kin within the meaning of the statutes is that person who, under the law of descent and distribution, is entitled to receive the larger share of the intestate estate, and that, as A. C. Gillespie is entitled to a larger share than either or both of the other applicants, he should prevail.

■ It is said in 46 C. J. 473, § 4 D, that "The term (next of kin) is used in the law with two meanings: First, the nearest blood relations according to the law of consanguinity. Second, those entitled to take under the statutory distribution of intestate estates."

We think the term, as used in our statute, partakes of both meanings; that is to say, only blood relations become distributees under the statute of descent and distribution (article 2570, R. S.) and those, otherwise qualified, nearest to the intestate in the order of descent from an ancestor common to both are entitled to letters of administration over those more remote.

■■ We cannot assent to the correctness of appellant's contention that "One who under said laws of descent and distribution is entitled to receive the larger share in intestate's estate is entitled to appointment over one entitled to a smaller share, both being otherwise qualified." We do not think such meaning can be extracted from the statute; the test prescribed being the nearness of relationship to the intestate in order of descent from a common ancestor, and not the amount of the inheritance. When it is shown under this statutory test that applicants are equally entitled to letters and qualified to act, the court in reaching a decision as to the person or persons most likely to administer the estate advantageously may take into consideration the interest in the estate of the respective applicants, but this consideration is not necessarily determinative, but is simply a matter to be considered by the court in reaching a proper decision. Finding no error in the judgment of the court below, the same is affirmed.

Affirmed.

## On Rehearing.

We think it evident that counsel for appellant misunderstand the opinion filed in this case. We did not hold, as contended, that the preference right to appointment as administrator under subdivision 5 of article 3357 of the Statutes was not a legal right, but merely one that the court may determine according to his discretion; on the contrary, we held that such was a legal right, and that under the undisputed facts appellee was entitled to be preferred to appellant. In the discussion, referring to the applications of Mrs. Isbell and J. A. Pearson, each bearing the identical blood relationship to intestate, and equally entitled to letters, we gave the effect of the statute applicable to such a situation, being article 3358, which provides that: "When applicants are equally entitled, letters shall be granted to the applicant who, in the judgment of the court, is most likely to administer the estate advantageously, or they may be granted to any two or three of such applicants."

Nor did we find or hold, as contended, that A. C. Gillespie and J. A. Pearson had a common ancestor; the common ancestor referred to was one common to Pearson, the applicant, and Ann H. Gillespie, the intestate. Nor did we hold, as contended, that the "applicants are equally entitled to letters and

qualified to act." In harmony with the findings of the trial court, we stated, not that these applicants—that is, appellant, appellee, and Mrs. Isbell—were equally entitled to letters, but that neither was disqualified, under the law, to act as administrator.

Appellant contends further that we misconceived the facts and erred in finding that "Mrs. Isbell and J. A. Pearson bore the identical blood relationship to intestate, and that in the order of descent were nearer the intestate than A. C. Gillespie," because the court below made no such findings, and that this court was not justified in so finding, contrary to the undisputed facts. We do not think it can be correctly said that the portion of the opinion quoted in appellant's motion is out of harmony with the findings of the trial court, or that the same is contrary to the undisputed facts. What we there said was based precisely upon the findings of the court below, to the effect that appellant's relationship to the intestate was that of a second cousin of the whole blood, while the relationship of each Mrs. Isbell and J. A. Pearson was that of first cousin of the half blood; therefore we think it follows that Mrs. Isbell and J. A. Pearson each bore the identical relationship to intestate, and, being first cousins, were nearer intestate in the order of descent than was appellant, a second cousin.

Embodied in appellant's motion for rehearing is a request for additional conclusions of fact. After due consideration, we fail to see the necessity for additional conclusions, as the facts set out in the original opinion embrace all that are essential to a decision; any others would be of an evidentiary nature, and in fact immaterial.

Appellant's motion for rehearing and for additional findings is overruled.

Overruled.